## W. M. WINTERS, AGENT OF THE PACIFIC METHODIST COLLEGE v. HIRAM RUSH.

TRUSTEE A PROPER PARTY PLAINTIFF.—The trustee of an express trust is entitled to bring an action in his own name for the benefit of his *cestui que trust*.

PLEADING—CONSIDERATION OF PROMISSORY NOTE.—A promissory note imports a consideration, and none need be pleaded. A defense, founded on a want of consideration of a note, should be pleaded in answer.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The following is a copy of the instrument on which the suit was brought:

"$1,150.

"SUISUN CITY, CAL., December 25th, 1865.

"Twelve months after date I promise to pay W. M. Winters, or any authorized agent of the Pacific Methodist College, the sum of eleven hundred and fifty dollars for the endowment of said College; the above sum to draw interest from date at fifteen per cent per annum.

"H. RUSH."

[Internal Revenue Stamp, 60 cents—cancelled.]

Plaintiff averred that he was the authorized agent of the College; that the College had delegated to him its power to sue.

The defendant demurred on the following grounds, to wit:

First—That the plaintiff had not the legal capacity to sue, because it appeared from the face of the complaint that he was not the real party in interest. Because the note set forth in complaint was not payable to plaintiff, because it appeared from the face thereof that it was a contract with other and different parties than the plaintiff, and the plaintiff had no interest therein.

Second—That there was a defect of parties plaintiff; that the Pacific Methodist College was the proper party to sue.

Third—That the complaint did not state facts sufficient to constitute a cause of action, because the same failed to show any consideration for said contract.

The demurrer was overruled, and the defendant failing to answer, judgment was entered for plaintiff. The defendant appealed.

*Wm. S. Wells,* for Appellant, argued that the demurrer should have been sustained on the first ground, because the plaintiff is not the real party in interest, but is but the agent of the " Pacific Methodist College;" upon the third ground, because there is no consideration expressed in the note or alleged in complaint. That the instrument sued on seems to be an executory contract rather than a note. That the endowment of a literary institute is not a sufficient consideration to uphold a subscription to a fund designed for that object; and cited *Hamilton College* v. *Stewart,* 2 Denio. 403; 1 Comst. 581; *Limerick Academy* v. *E. Davis,* 9 Mass. 112.

[No brief on file for Respondent.]

HARVARD LAW SCHOOL LIBRARY

By the Court, SANDERSON, J. :

The action was properly brought in the name of Winters. The note is payable to him for the benefit of the Pacific Methodist College. Winters is therefore the trustee of an express trust within the meaning of the sixth section of the Practice Act, and as such entitled to sue upon the note. (*Considerant* v. *Brisbane*, 22 N. Y. 389.)

A promissory note imports a consideration, and therefore it. is not necessary that a consideration should be specially alleged. If there was no consideration the defendant should have filed an answer setting up a want of it as a defence to the action.

Judgment affirmed.

Mr. Justice SHAFTER expressed no opinion.