ROCKLAND, MT. DESERT AND SULLIVAN STEAMBOAT COMPANY

*vs.*

ARTHUR SEWALL, administrator.

Knox. Opinion March 15, 1886.

*Pleadings. Corporations. Stock subscriptions.*

The plea of general issue admits the plaintiff's corporate existence and power to sue.

A subscriber to stock in a corporation, who never took any part in the organization of the corporation, can not be held upon his subscription, when it does not appear that the whole capital named in such subscription agreement, was subscribed.

ON exceptions by the defendant which made a " full report of the evidence, writ and pleadings, and the records put into the case a part of the case."

The case is stated in the opinion.

*A. P. Gould,* for the plaintiff.

*C. W. Larrabee,* for the defendant.

VIRGIN, J. Assumpsit to recover the par value of ten shares (at $100 each) of capital stock which the plaintiff alleges the defendant's intestate agreed to take and pay for by executing certain articles of agreement, of November 7, 1878, mutually entered into by him and sundry other persons.

When the plaintiff's evidence was closed, "the case was withdrawn from the jury and submitted to the presiding justice for decision, with the right to except thereto and to have the whole case reported to the law court."

The plea of general issue admits the plaintiff's corporate existence and power to sue. *Ticonic Bank* v. *Bagley,* 68 Maine, 251.

By the second and third articles of the association executed prior, but with reference to its organization, the parties thereto· agreed " that the capital stock of the company, on its organization into a corporation, shall be $40,000 divided into shares of $100

each ;" and the "parties to the agreement shall contribute toward the capital such sum of money as they may severally place against their names," etc. The agreement was signed by sundry persons, and by the defendant's intestate as follows : "Edward Sewall, ten shares."

Assuming a fair construction of the agreement to be, that the defendant's intestate thereby agreed to take and pay for, or take and fill ten shares at $100 each ; that the association was duly organized under the general law as contemplated by the stipulations in the articles of agreement ; and that the shares thus subscribed were recognized as shares of its stock and the subscribers as corporators or shareholders—still we are of opinion that the defendant's intestate, who never took any part in the organization, can not be held upon his subscription, since it does not appear that the whole capital was subscribed.

The agreement is to take a certain number of shares of the capital stock, and that must have reference to the capital stock fixed in the agreement and subsequently placed at the same sum in the vote of the corporation. " There must therefore have been such a capital stock obtained before the subscriptions could be binding." *Oldtown and Lin. R. R. Co.* v. *Veazie*, 39 Maine, 571, 577 – 8. It cannot be presumed that persons agreeing to become shareholders in a corporation with a fixed capital intend to become members of a corporation with a less capital. Morw. Corp. 259.

"It is a rule of law too well settled to be now questioned," says SHAW C. J., "that when the capital stock and number of shares are fixed by the act of incorporation, or by any vote or by-law passed conformably to the act of incorporation, no assessment can be lawfully made on the share of any subscriber, until the whole number of shares has been taken. This is no arbitrary rule ; it is founded on a plain dictate of justice and the strict principles regulating the obligation of contracts. When a man subscribes a share to stock to consist of one thousand shares, in order to carry on some designated enterprise, he binds himself to pay a thousandth part of the cost of such enterprise. If only five hundred shares are subscribed for, he would be held, if liable

to assessments, to pay a five hundredth part of the cost, besides incurring the risk of entire failure and loss of the amount advanced toward it." *Stoneham B. R. R. Co.* v. *Gould,* 2 Gray, 278 ; *Cabot and W. S. B. Co.* v. *Chapin,* 6 Cush. 50 ; *Atlantic Cot. Mills* v. *Abbott,* 9 Cush. 423 ; *Salem Mill Dam Corp.* v. *Ropes,* 6 Pick. 23 ; S. C. 9 Pick. 187 ; *Central T. Corp.* v. *Valentine,* 10 Pick. 142 ; *N. H. Cent. R. R. Co.* v. *Johnson,* 30 N. H. 390.

This rule may be changed by a provision in the articles of subscription. Or if a subscriber, with a full knowledge of the want of the requisite amount of subscriptions attend meetings of the corporation and cooperate in such of its acts as could only be properly done on the assumption that the subscribers intended to proceed with the stock partially taken up, he might be estopped from setting up such defence. *Cabot & W. S. B.* v. *Chapin,* supra.

In the case at bar, the defendant's intestate agreed to become responsible for one-fortieth of the cost of the plaintiff's enterprize. There is no evidence that the whole capital stock was taken. If all have paid who subscribed except the defendant's intestate, then the maintenance of this action would oblige him to become responsible for one-thirtieth, which contract he never made.

*Exceptions sustained.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.