[No. 18149.   Department Two. — October 5, 1893.]

## BANK OF SHASTA, RESPONDENT, v. JAMES T. BOYD, APPELLANT, ET AL. DEFENDANTS.

MORTGAGE — CAPACITY OF CORPORATION — ESTOPPEL OF MORTGAGOR. — A mortgagor of property who has dealt with the mortgagee as a corporation, and received from it the consideration of the mortgage note, is estopped from denying its corporate capacity in an action by the corporation to foreclose the mortgage.

ID. — STATUTE OF LIMITATIONS — STRIKING OUT OF SHAM PLEA. — A plea of the statute of limitations in an unverified answer to a complaint of foreclosure of a mortgage is properly stricken out as sham, where it appears from the copies of the note and mortgage set out in the complaint that the action was commenced within four years after the maturity of the note.

ID. — OWNERSHIP OF NOTE EXECUTED TO PLAINTIFF — IMMATERIAL ISSUE. — It is not necessary, in an action to foreclose a mortgage where the note secured appears to have been made to the plaintiff and not assigned to it, to allege that the plaintiff is the owner of the note. Such an allegation tenders no material issue, and a denial of it in the answer is irrelevant.

ID. — UNVERIFIED COMPLAINT — GENERAL DENIAL — ISSUE AS TO NON-PAYMENT. — Where an unverified complaint in an action to foreclose a mortgage alleges that neither the interest nor the principal of the note has been paid, an answer containing a general denial puts in issue every material allegation of the complaint and raises a material issue as to payment, under the allegation of non-payment, and it is error for the court to strike out the answer.

APPEAL from a judgment of the Superior Court of Lassen County.

The facts are stated in the opinion.

*Spencer & Raker*, for Appellant.

*Clay W. Taylor, J. Chadbourne*, and *C. McClaskey*, for Respondent.

VANCLIEF, C. — On August 4, 1884, the defendants made to plaintiff their joint and several promissory note for the sum of two thousand dollars, payable two years after date; and at the same time, to secure the payment of said note, executed to plaintiff a mortgage on certain lands, situate in the county of Lassen.

This action was commenced in Lassen County on July 28, 1890, to foreclose the mortgage and to obtain a personal judgment for deficiency, etc. Copies of the note and mortgage were set out in and made parts of the complaint. The complaint was not verified.

James T. Boyd, for himself alone, filed and served the following — an unverified answer: —

"1. That he denies generally and specifically each and every allegation thereof contained in plaintiff's said complaint.

"2. For a further and separate and second defense to plaintiff's complaint filed herein, the said defendant, James T. Boyd, alleges and avers as follows, to wit: That plaintiff's cause of action is barred by the provisions of section 337 of the Code of Civil Procedure of the state of California."

Plaintiff's attorney moved, on the complaint and answer, to strike out this answer, on the grounds that it was "sham and irrelevant, because the allegations of the complaint are admitted," and "that said answer is not filed in good faith."

The court granted the motion and decreed a foreclosure, to all which defendant excepted.

From this final decree the defendant, James T. Boyd, brings this appeal on the judgment roll, containing a bill of exceptions showing the facts above stated.

1. Counsel for appellant contend that the answer raised a material issue as to whether the plaintiff was a corporation.

It is to be observed, in the first place, that the defendants having dealt with plaintiff as a corporation, and received from it the consideration of the note, are estopped from denying that it was and is a corporation. (*Grangers' etc. Ass'n* v. *Clark,* 67 Cal. 634; *Oregonian R'y Co.* v. *Oregon R'y etc. Co.,* 10 Sawy. 464; *Cowell* v. *Springs Co.,* 100 U. S. 61; *Close* v. *Glenwood Cemetery,* 107 U. S. 466; Bigelow on Estoppel, pp. 527–529, and cases there cited; Morawetz on Private Corporations, sec. 750; Spelling on Corporations, sec. 44.) In the second place, as a general rule, the issue cannot be raised by a general denial of all allegations of the complaint, as in this case. (*California Steam Nav. Co.* v. *Wright,* 8 Cal. 585; *Rockland etc. Co.* v. *Sewall,* 78 Me. 167; Morawetz on Private Corporations, sec. 772; Spelling on Corporations, secs. 46, 47.) To say that a plaintiff, suing as a corporation, is not a corporation is to say it has not legal capacity to sue, and it is said this defense must be specially pleaded. But, inasmuch as defendants in this case were estopped from denying that plaintiff was a corporation, it is unnecessary to decide this question.

2. It is claimed that the plea of the statute of limitations tended a material issue, and therefore should not have been stricken out.

The ready answer to this is that on the face of the pleadings

it appeared to be *sham*. Not being verified, the answer admitted the due execution of the note and mortgage, copies of which were set out in the complaint, by which it appeared that the plea was false, the action having been commenced within four years after the maturity of the note.

3. It is claimed that the answer raised a material issue as to the ownership of the note which appears to have been made to plaintiff, not assigned to it.

The allegation that the plaintiff was the owner of a note thus made was unnecessary, and therefore surplusage. It tendered no material issue, and the denial of it was, therefore, irrelevant. (*Corcoran* v. *Doll*, 32 Cal. 83; *Wedderspoon* v. *Rogers*, 32 Cal. 570; *Poorman* v. *Mills*, 35 Cal. 119; 95 Am. Dec. 90; *Frost* v. *Harford*, 40 Cal. 165; *Monroe* v. *Fohl*, 72 Cal. 568.)

4. It is claimed that, since the complaint alleges that neither the interest nor the principal of the note had been paid, the answer raised a material issue on that allegation.

It is well settled in this state that the allegation of non-payment, in a complaint on a promissory note, is material to the cause of action, as without such an allegation no breach of the promise would appear, and that when the complaint is not verified a general denial puts in issue every material allegation of the complaint. I think the answer in this case raised a material issue as to payment, and therefore should not have been stricken out. (*Frisch* v. *Caler*, 21 Cal. 71; *Davanay* v. *Eggenhoff*, 43 Cal. 395; *Wetmore* v. *San Francisco*, 44 Cal. 300; *Farmers' etc. Bank* v. *Christensen*, 51 Cal. 572.) For this error I think the judgment should be reversed and the cause remanded.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded.

FITZGERALD, J., DE HAVEN, J., McFARLAND, J.