# January Term, 1905.

[No. 2453.]

## ULLERY v. BROHM.

1. **Bills and Notes—Pleading—Joint Makers.**

Where a promissory note contains the words "I promise to pay" and is signed by two parties, they are joint makers, and in an action on the note against one of said joint makers where the allegations of the complaint were otherwise sufficient to charge defendant as a maker, the fact that the complaint described him as a guarantor for the other joint maker is immaterial, and the complaint will be held sufficient to sustain a judgment against him as maker.

2. **Bills and Notes—Pleading—Consideration.**

In an action upon a promissory note where the note, which contained the words "value received," was incorporated into the complaint, it was unnecessary to specially allege a consideration for the note.

3. **Practice—Pleading—Demurrer—Time to Answer.**

Where at the time a demurrer to a complaint was overruled the defendant announced that he would stand by his demurrer, the fact that the court did not fix a time for answer was not error.

4. **Bills and Notes—Pleading—Ownership.**

In an action upon a promissory note by the payee, the plaintiff is presumptively the owner, and it is not necessary to allege that he is the owner.

*Error to the District Court of Arapahoe County.*

Mr. WILLIAM YOUNG, for plaintiff in error.

Mr. F. D. TAGGART, for defendant in error.

THOMSON, P. J.

Suit against A. B. Ullery, by the payee, on the following promissory note:

"$156.57

Denver, Colorado, March 7, 1898.

On or before September 7th, 1898, after date, I promise to pay to the order of Otto Brohm, one hundred fifty-six and 57-100 dollars, payable at the office of F. D. Taggart, with interest at the rate of 10 per cent. per annum, from date until paid. Interest payable semi-annually. Value received.

LOUIS GUTHNER,
A. B. ULLERY."

The defendant demurred to the complaint for want of facts. The demurrer was overruled, and, the defendant electing to abide by his demurrer, judgment was given against him.

The complaint describes the defendant as a guarantor for Guthner. The defendant was not a guarantor, but a maker. By the use of the words, "I promise to pay," the note became, in form, the joint and several note of the two makers. But the allegations of the complaint were otherwise sufficient to charge the defendant as a maker, and the reference to him as a guarantor was harmless. It was unnecessary specially to allege a consideration for the paper. The note, which was incorporated into the complaint as part of it, contains the words "value received." The court, in overruling the demurrer, did not fix a time for answer; but the defendant announced that he would abide by his demurrer. He did not propose to answer, and needed no time for the purpose. The complaint did not allege that the plaintiff was the owner of the notes; but he was the payee, and, therefore, presumptively the owner.

The allegations of the complaint were admitted by the demurrer, and upon the election of the defendant to interpose no answer, it was the duty of the court to enter judgment for the plaintiff. Verifica-

tion or want of verification of the pleading was unimportant. Let the judgment be affirmed.

*Affirmed.*