BICK, Appellant, v. CLARK et al., Respondents.

**St. Louis Court of Appeals, December 29, 1908.**

**PLEADING: Promissory Note: Promise to Pay.** In an action on a promissory note, a petition which alleged that the note was executed and delivered, describing it, was a sufficient allegation of a "promise to pay" the note, although there was no such allegation in the petition. The description of the note as a promissory note implies an allegation of a promise to pay.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

REVERSED AND REMANDED.

*J. J. Bick, pro se; Peter T. Barrett* and *Abe Lowenhaupt* of counsel.

(1) Under the code in this State the plaintiff is required to state only the facts and it does not matter how informally such facts are stated; how inartificially or even that they are stated in an involved manner, if the facts can be deduced from the statement and such facts constitute a cause of action. R. S. 1899, secs. 591, 610, 629; Pattison's Code Pl., secs. 179, 238, 346. (2) In a suit on a note it is not necessary to allege a promise under the code pleading in force in this State. Bank v. Landis, 34 Mo. App. 433; Hammett v. Trueworthy, 51 Mo. App. 281; See v. Cox, 16 Mo. 166; Sanders v. Anderson, 21 Mo. 402.

GOODE, J.—The question on this appeal is whether the following petition is good, a demurrer having been sustained to it and final judgment entered on the demurrer:

"Plaintiff for his second amended petition, by leave of court first had, for cause of action against defendants states that defendants executed, signed and delivered their promissory negotiable note for value received to R. B. Palmer & Sons, for $57 dated November 21, 1893, due in one year after date with eight per cent interest from date to compound annually, which note was assigned and transferred by R. B. Palmer & Sons for value received to J. J. Bick, this plaintiff, on December 9, 1902, and is attached with the original petition in this suit marked 'Exhibit A' and made a part of this procedure; that the principal and interest of said note is now long since past due, owing and unpaid, with damages aggregating $250, for which amount plaintiff asks and prays for judgment against defendants with eight per cent interest to compound annually and costs of suit."

The note declared on was attached to the petition as an exhibit. There is no brief for defendants, but we suppose the contention in favor of the demurrer is, that the petition contains no averment of a promise by defendants to pay the note; and this, it seems, would have been a good point under the early decisions enforcing the common-law rules of pleading. [Muldrow v. Tappin, 6 Mo. 277; Moore v. Platte Co., 8 Mo. 467.] It is sufficient under the code to state facts in an action in assumpsit from which a promise to pay will be implied. [Nat'l Bank v. Landis, 34 Mo. App. 433, 440.] This petition alleges the execution, signing and delivery to R. B. Palmer & Sons of a negotiable promissory note and states the principal, the date of execution, date of maturity and the interest as they are given in the note. A promissory note is defined to be

134 App—35

"An unconditional promise in writing for the payment of a certain sum of money absolutely." [3 Kent, Comm., 74; Daniel, Nego. Inst., sec. 28.] An allegation that a promissory note was executed and delivered necessarily implies a promise by the maker to pay, and an allegation that such a note was executed and delivered to a person or persons named (in this case Palmer & Sons) implies a promise to pay whomsoever is mentioned. This might not follow from a mere allegation that it was delivered to said person, but when the averment is also that it was executed to it he is sufficiently designated as the payee to give him, prima facie, the right to transfer the note by assignment. In the case of Bank v. Landis, cited supra, the pleader described the note as one whereby, for value received, the defendant promised to pay to the order of the plaintiff the sum mentioned. This, however, was but a statement of the terms of the note and not a distinct averment of a promise to pay; and the contention in that case was there should have been a distinct averment. Though in the present case the petition does not describe the note as containing a promise to pay, the description of it as a promissory note implies that it contained such a promise. We have no doubt the petition states a good cause of action and the judgment will be reversed and the cause remanded. All concur.