[Civ. No. 1218.   Third Appellate District.—June 3, 1914.]

# YELLOW JACKET GOLD AND SILVER MINING COMPANY (a Corporation), Respondent, v. C. H. HOLBROOK, Jr., Appellant.

PROMISSORY NOTE—PROMISE TO PAY CONDITIONED UPON PAYMENT NOT BEING MADE BY ANOTHER.—An instrument reciting a consideration, and promising to pay a specified sum on a certain date "in case said sum shall not have been paid at said time by" a designated third person, is a promissory note.

ID.—ACTION ON NOTE AND CONTRACT—PARTIES.—Where a debtor executes an instrument the first part of which consists of an order on a third person for the payment of a specified sum out of any money which the latter may receive on the debtor's account from a certain source, and the second part consists of a promise, negotiable in form, to pay the money on a certain date in case the same shall not have been paid at such time by the person upon whom the order was drawn and accepted, it is not necessary, in an action against the debtor on the latter promise, to make the third person a party defendant, or to allege that he has received any money from the source named.

ID.—APPEAL—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDINGS.—It is hardly fair to raise the question on appeal that the findings are not supported by the evidence, where counsel for the appellant offers no evidence at the trial, but merely presents "a legal defense, as shown by the demurrer."

ID.—PLEADING—NECESSITY OF ALLEGATION OF OWNERSHIP OF WRITING SUED UPON.—In an action on a written obligation made to the plaintiff, it is unnecessary to allege and find that he is the owner and holder thereof.

ID.—WANT OF CONSIDERATION—BURDEN OF PROOF—FINDING.—If in such action the answer alleges want of consideration, it is incumbent upon the defendant to prove it; and if he offers no testimony at the trial, it is proper to find the issue for the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John E. Richards, Judge presiding.

The facts are stated in the opinion of the court.

Leon E. Morris, and A. A. Sanderson, for Appellant.

Charles H. Sooy, and David L. Levy, for Respondent.

CHIPMAN, P. J.—The action was to recover upon the following instrument, designated in the complaint as "a contract and promissory note":

"San Francisco, California, March 23, 1911.
"MR. F. R. LEWIS,
      "San Francisco, California.
"Dear Sir:
"Please pay to the Yellow Jacket Gold and Silver Mining Company, or order, the sum of $1227.86, with interest at seven per cent per annum from April 1, 1908, out of the first money you shall receive on my account from the estate of F. W. Sisson, deceased.

"C. H. HOLBROOK, Jr."

"The foregoing order is herewith accepted this 30th day of March, 1911, provided any money is ever received by me for account of C. H. Holbrook, Jr., from estate of F. W. Sisson, deceased.

"F. R. LEWIS."

"In consideration of forbearance on the part of the Yellow Jacket Gold and Silver Mining Company, and for other valuable consideration, the receipt whereof is hereby acknowledged, I agree to pay to said company, or order, the sum *of* $1227.86 (with interest thereon from April 1, 1908, at seven per cent per annum), on April 1, 1912, in case said sum shall not have been paid at said time by said F. R. Lewis, in accordance with the terms of the foregoing order.

"C. H. HOLBROOK, Jr."

It is alleged that, on April 1, 1912, and frequently since said date, plaintiff demanded of F. R. Lewis, one of the parties to said contract, that he pay to plaintiff the sum of $1227.86, with interest at seven per cent per annum from April 1, 1908, to date of demand, but that the said Lewis has refused and does now refuse to pay the same; that prior to the commencement of the action and on May 6, 1912, "and at several other times," plaintiff demanded of defendant Holbrook that he pay to plaintiff said sum with interest according to said contract and promissory note but that the said Holbrook "has not paid said sum or any portion thereof, except the sum of $343.76 on account of interest to April 1, 1912"; that, "ever since said 23d day of March, 1911, plain-

tiff has been and now is the owner and holder of said promissory note and contract''; ''that no part of said note, or the amount due under the terms of said contract . . . has been paid, except said sum of $.... interest, but that the whole amount specified in said note and contract, together with interest thereon from April 1, 1912, to date is now due, owing and unpaid.'' ·

Defendant demurred to the complaint on general grounds and specially on the grounds: 1. That it does not appear from the complaint that said Lewis has received from said Sisson estate any money; 2. That it does not appear that any demand of payment was made upon said Lewis after April 1, 1912, and prior to the commencement of the action; 3. That there is a misjoinder of parties defendant and that said Lewis should be made a party defendant; 4. That the complaint is ambiguous in that it does not appear therefrom ''what was the 'forbearance' on the part of said plaintiff toward said defendant Holbrook as a consideration received by said defendant Holbrook for the making of the promise to pay said plaintiff the money named in the complaint.''   The demurrer was overruled and defendant answered: denying that he executed and delivered to plaintiff ''his certain promissory note or any promissory note'' but does not deny executing the instrument set out in the complaint; that defendant has no information whether or not plaintiff demanded payment of said Lewis as alleged and therefore denies that said or any demand was made on him as alleged; that having no information whether or not plaintiff is the owner and holder of said instrument, he denies the alleged ownership; further answering, alleges that the said contract ''is without any consideration'' and denies that there is any sum due plaintiff thereunder.

The cause was tried without a jury and the court made findings as follows: That defendant executed the promissory note and contract alleged in the complaint; that plaintiff made demand of payment on said Lewis and his refusal to pay, as alleged in the complaint; that, since March 23, 1911, plaintiff has been the owner of said instrument and that the whole amount specified therein together with interest from April 21, 1912, is due and unpaid; that it is not true that said contract was without consideration.   Conclusions of law followed, that there is due plaintiff from defendant the amount

claimed and interest from April 1, 1912, and that plaintiff is entitled to judgment therefor.

At the trial it was admitted by defendant that the demand was made on said Lewis as set forth in the complaint; also due execution and delivery of the instrument by defendant Holbrook, therein set forth. "Mr. Sanderson" (attorney for defendant) : "I have no testimony to advance in the case. It is merely a legal defense, as shown by the demurrer." The day following the submission of the case the court rendered the following decision:

"In the case of the Yellow Jacket Gold and Silver Mining Company *v.* C. H. Holbrook, Jr., submitted to the court yesterday, the court has examined the only question which was raised by the defendant in the action by demurrer, and is satisfied that the complaint sets forth a cause of action. As to the facts in the case, they were substantially agreed to by stipulation of the parties. It results that judgment must be rendered for the plaintiff for the amount prayed for in the complaint. Let findings and judgment be prepared and entered."

Defendant appeals from the judgment.

Appellant presents the following in support of his demurrer: That Lewis was a necessary party and that there is no allegation that Lewis has received any money from the Sisson estate. The argument seems to be that Lewis is equally bound with Holbrook and, in order to end all litigation in the matter, he should have been joined as a defendant; that, "there being no allegation that Lewis had not collected the money from the Sisson estate, the presumption prevails that he has collected it and was therefore equally liable under the contract with defendant Holbrook." Counsel further states: "It is true that the defendant Holbrook agreed to pay the money sued for on April 1, 1912, in case Lewis had not paid the same by that time, but that in no wise canceled or lessened the obligation of Lewis to pay same to plaintiff if any money was received by Lewis prior thereto for the account of Holbrook from the Sisson estate; and there is no allegation that such money was not received by Lewis."

We agree with counsel that defendant promised to pay the money sued for on April 1, 1912, in case Lewis had not paid it, but we think this promise was in no wise conditional upon

Lewis having at that time collected the or any money from the Sisson estate. Holbrook entered into two obligations, first by giving an order on Lewis for any money the latter might receive on Holbrook's account from the Sisson estate, which order was accepted by Lewis, and Holbrook then executed what is a promise negotiable in form to pay to the order of plaintiff a specified sum of money. This meets the definition of a promissory note. (Civ. Code, sec. 3244.) The character of the instrument signed by Holbrook as a note was not affected by the provisions of the agreement. (*Jorgenson* v. *Jorgenson*, 28 Wash. 477, [92 Am. St. Rep. 888, 68 Pac. 913].) Lewis did not sign the promissory note and was not bound by it and was, therefore, not a necessary party to its enforcement in the action. His liability was on the order and if as is true Holbrook would have been liable on the order had any money been received by Lewis from the Sisson estate, still it was a joint and several liability and either or both could have been sued on the obligation. (Code Civ., Proc., sec. 383.) In this view it was immaterial whether or not Lewis had received any money from the Sisson estate. Besides, we do not think there was, as claimed, any presumption that he had received any of said money and if such presumption could be indulged it would only follow, as counsel says, that Lewis "was equally liable under the contract with defendant Holbrook," and plaintiff would still have his action against one or both. The demurrer was properly overruled.

It is further contended that the findings are not supported by the evidence. It may be suggested as hardly fair to raise this question in view of the position of counsel as taken at the trial which was that he presented "merely a legal defense, as shown by the demurrer." However, we will examine the objections now made: 1. That there is no support of the finding that plaintiff is the owner and holder of the obligation. It was denied in the answer for lack of information. It was held, in *Bank of Shasta* v. *Boyd*, 99 Cal. 604, 606, [34 Pac. 337], that where the obligation is made to the plaintiff an allegation that the plaintiff is the owner is unnecessary and surplusage. (*Locke* v. *Klunker*, 123 Cal. 231, 238, [55 Pac. 993]; and 2. The answer alleged want of consideration. This was made an affirmative defense and it was incumbent on defendant to prove it. He offered no evidence whatever at the

trial. The court, therefore, properly found the issue for plaintiff. "If there was no consideration the defendant should have filed an answer setting up a want of it as a defense to the action," and when alleged should have proved it. (*Winters* v. *Rush,* 34 Cal. 136; *Pastine* v. *Pardini,* 135 Cal. 431, 434, [67 Pac. 681].) "A written instrument is presumptive evidence of a consideration." (Civ. Code, sec. 1614; *Henke* v. *Eureka Endowment Assoc.,* 100 Cal. 429, [34 Pac. 1089].)

We discover no error in the record and the judgment is therefore affirmed.

Hart, J., and Burnett, J., concurred.