[Civ. No. 3176.   Second Appellate District, Division Two.—March 16, 1920.]

WALTER V. DYSERT et al., Respondents, v. WILLIAM K. WEAVER et al., Appellants.

[1] PROMISSORY NOTES—ACTION UPON—SUFFICIENCY OF ALLEGATION OF NONPAYMENT.—In an action upon a promissory note, an allegation that a stated sum, "the interest on said promissory note" to a specified date, "has been paid, and that no other or further sum has been paid thereon," constitutes a sufficient allegation of nonpayment as against the general objection that the complaint does not state a cause of action.

[2] ID.—ACTION BY PAYEES AGAINST MAKERS—OWNERSHIP OF NOTE—
PLEADING.—In an action by the payees against the makers of a
promissory note, it is sufficient to allege the execution and de-
livery of the note to the plaintiffs, without alleging that they
are the owners and holders thereof.

APPEAL from a judgment of the Superior Court of
Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

James B. McCracken for Appellants.

Waldo, Root & Dysert and George E. Waldo for Re-
spondents.

FINLAYSON, P. J.—This is an action upon a promissory
note executed by defendants. Plaintiffs are the payees
named in the note.

[1] Upon the trial, when plaintiffs sought to introduce
their evidence, defendants objected upon the ground that
the complaint does not state a cause of action. It is
claimed that there is no sufficient allegation of nonpay-
ment. The complaint alleges that "ninety-one dollars and
eighty-seven cents ($91.87), the interest on said promissory
note to October 7, 1916, has been paid, and that no other
or further sum has been paid *thereon.*" Appellants con-
tend that the word "thereon" modifies the word "interest,"
and that this allegation amounts to no more than an aver-
ment that no more has been paid on the *interest* than ninety-
one dollars and eighty-seven cents. We cannot assent to
this construction of the plain and unambiguous language of
the complaint. We think it quite clear that the word
"thereon" refers to the words "promissory note," and that
the allegation is equivalent to an averment that all the
interest that accrued up to October 7, 1916, has been paid,
and that no other or further sum has been paid on the
note.

[2] There is no merit in the contention that the com-
plaint should have alleged that plaintiffs are the "owners
and holders" of the note. In an action by the payee against
the maker it is sufficient to allege the execution and de-

46 Cal. App.—37

livery of the note to plaintiff, without alleging that he is the owner and holder. It will be presumed that the payee of a note, in possession thereof, is the owner. (*Bank of Shasta* v. *Boyd,* 99 Cal. 604, [34 Pac. 337]; *Locke* v. *Klunker,* 123 Cal. 231, 239, [55 Pac. 993]; *Yellow Jacket etc. Co.* v. *Holbrook,* 24 Cal. App. 687, [142 Pac. 128]; 8 C. J., p. 886, title "Bills and Notes," par. 1159.)

The appeal is wholly without merit. It is inconceivable that it could have been taken with any reasonable hope of success. Because the appeal is manifestly frivolous, appellants, we think, should pay respondents such damages as may be just. We consider one hundred dollars a proper sum to be charged.

It is ordered that the judgment be affirmed, and that respondents recover of appellants the sum of one hundred dollars as damages.

Sloane, J., and Thomas, J., concurred.