[No. 2715.   June 11, 1923.]

## FIRST NAT. BANK OF TUCUMCARI v. LUTZ.

### (SYLLABUS BY THE COURT.)

(1)   Where all the facts are pleaded which are necessary to compute, by mathematical calculation, the amount due upon the note sued upon, it is unnecessary for the plaintiff to charge the amount claimed by him to be due.     P. 616.

(2)   It is unnecessary for the plaintiff, who is the payee in the note in suit, to allege that he owns the same, as such fact is presumed.     P. 616.

(3)   A postponement of a case on account of the absence of a party litigant rests within the discretion of the trial judge, and will not be interfered with upon appeal unless an abuse of such vested discretion is shown.     P. 617.

Appeal from District Court, Lincoln County; Ed. Mechem, Judge.

Action by the First National Bank of Tucumcari, N. M., against Henry Lutz. From a judgment for plaintiff, defendant appeals. Affirmed.

Geo. B. Barber, of Carrizozo, for appellant.

### OPINION OF THE COURT.

BRATTON, J. This action was instituted by the appellee, the First National Bank of Tucumcari, against the appellant, Henry Lutz, to recover upon a promissory note executed by the appellant and payable to the order of the appellee. Judgment was rendered in appellee's favor for the full amount of the note sued upon, from which this appeal has been perfected.

[1] The first error complained of relates to the action of the trial court in overruling the first ground contained in appellant's demurrer to the appellee's first amended complaint. By such demurrer the sufficiency of the complaint was challenged because it did not in express terms charge or allege the amount then due on the note. The complaint specifically set forth the date of the note, the principal sum thereof, the date of maturity, and the rate of interest, as well as the usual provision for the payment of 10 per cent. attorney's fees, and following such allegations the note is copied in full in the face of the pleading. It is expressly charged elsewhere in such pleading that the only sum which had been paid on the note is $125, which was paid on a named date, and was applied as a credit upon the interest due thereon. From these facts it becomes at once apparent that all the needed facts were furnished upon which to compute, by mathematical calculation, the exact amount due. An allegation stating that the amount due at the time the suit was filed would have been the mere conclusion of the plaintiff upon the subject. It is often done, but it only serves the convenience of the court and the opposing litigant in ascertaining at once what is claimed to be due. This exact question was decided adversely to appellant's contention in Brown v. Bilton, 34 Colo. 135, 81 Pac. 758, wherein it is said:

"The complaint alleges the execution and delivery by the defendant to the plaintiff of a note for a certain sum, bearing interest at a given rate from a certain date until paid, and a copy of the note is inserted. Then follows an allegation that no part of the note has been paid, except two certain sums. The time and amount of each payment are given. Demand and refusal are alleged. A perfect cause of action is here pleaded. From these allegations there is no difficulty whatever in ascertaining by mathematical computation the amount due at the time of the trial."

See, also, First National Bank v. Stallo et al., 160 App. Div. 102, 145 N. Y. Supp. 747.

[2] It is next contended that the court erred in overruling the second ground contained in the demur-

rer.. This attacked the sufficiency of the complaint, because it failed expressly to charge that the appellee was the owner of the note sued upon. This contention is without merit and is not supported by the authorities. The note sued upon shows from the face thereof that it was executed by the appellant and is made payable to the order of the appellee. It is unnecessary and is surplusage for the payee of a promissory note in a suit thereon to charge his ownership of such note, as he is presumed to own the same. This rule is limited to a suit by the payee of a note and does not apply to a third person who seeks to recover. 8 C. J. "Bills and Notes," § 1159; Bank of Shasta v. Boyd et al., 99 Cal. 604, 34 Pac. 337; Locke v. Klunker, 123 Cal. 231, 55 Pac. 993; Ullery v. Brohm, 20 Colo. App. 389, 79 Pac. 180; Yellow Jacket Gold & Silver Mining Co. v. Holbrook, 24 Cal. App. 687, 142 Pac. 128; Duty v. Sprinkle, 64 W. Va. 39, 60 S. E. 882; Boyd v. Beebe, 64 W. Va. 216, 61 S. E. 304, 17 L. R. A. (N. S.) 660.

[3] Appellant further urges that the court erred in overruling his motion for a postponement or continuance of the case. The case was, by agreement of the parties, set for trial on November 15, 1920; it could not be tried on that day on account of the court being busily engaged, in the trial of certain criminal cases, and it was therefore passed. On the following day, being the 16th day of the month, the appellant left the town of Carrizozo, where the court was in session, and went to his ranch, situated about 25 miles away, to deliver to a buyer certain sheep. On the 17th day of the month appellant wired his attorney that it was impossible for him to reach Carrizozo that day, and if possible to have the case continued until the following day, to which message his counsel wired appellant that the case was peremptorily set for trial on the following morning, being the 18th day of the month, at 9 o'clock, and that it would be necessary for him to be present. The court postponed the case un-

til the following day at 2 o'clock p. m., at which time it overrulled appellant's motion for a further postponement or continuance and proceeded with the trial in his absence.  This motion merely set forth the absence of the appellant under the facts outlined, as well as the facts to which he would testify.  The continuance of a case upon application of a party litigant, on account of the absence of such party, rests within the discretion of the trial judge, and will not be interfered with upon appeal, unless it affirmatively appears that such discretion has been abused.  Territory v. Watson, 12 N. M. 419, 78 Pac. 504; Territory v. Walker, 16 N. W. 607, 120 Pac. 336; Bank of Commerce v. Western Union Tel. Co., 19 N. M. 211, 142 Pac. 156, L. R. A. 1915A, 120; Watters v. Treasurer Mining & Reduction Co. et al., 22 N. M. 348, 160 Pac. 1102.  Under the facts disclosed by the record we are unprepared to say that the trial court abused its vested discretion. The appellant was only 25 miles away from Carrizozo, and no effort seems to have been made by his counsel to send a messenger for him after the case was peremptorily set for trial on November 18th, although such fact was known to him on the previous day.  Furthermore, appellant was in attendance upon the court and knew that his case had been set down for trial on the 15th day of the month, and was merely being passed until the trial of some jury cases could be completed. With this knowledge he left the court and went away to transact his personal business.  Certainly no such abuse of discretion as to require a reversal of the cause is shown.

We have examined the other questions presented by the appellant and find them to be without merit.

For the reasons stated, there is no reversible error shown in the record, and the judgment should be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.