GEORGE D. GIBSON et al., Appellees, v. JOHN G. W. HANNAY et al., Appellants.

**FRAUD: Jury Question—Insufficient Evidence.** A plea of fraud as a
1    defense to an action at law on a promissory note is properly withdrawn from the jury when the record is barren of any testimony tending to show that the maker of the representations had reason to know that the representations were false.

**TRIAL: Exceptions—Sufficiency.** An objection in the trial court will
2    be disregarded on appeal when camouflaged under language manifestly intended to conceal the real objection urged on appeal.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY, Judge.

NOVEMBER 11, 1924.

ACTION at law upon a promissory note. The defense was twofold: (1) That the note was delivered on condition that it was not to go into effect unless a certain proposed exchange of lands between defendants and another should be consummated; (2) that the note was obtained by false and fraudulent representations. The first defense was submitted to the jury, and the second was withdrawn by the court. The verdict was for the plaintiffs, and judgment was entered thereon. The defendants appeal.—*Affirmed*

*Mitchell & Wisdom* and *Frank Bechly,* for appellants.

*C. E. Hamilton* and *Clyde McFarlin,* for appellees.

EVANS, J.—The note in suit is for $480. It was given in payment of a commission due the plaintiffs as agents for the defendants in a certain real estate transaction of exchange. The principal grounds assigned for reversal are reducible to two general propositions:

(1) That the court should have sustained the defendants' motion for a directed verdict.

(2) That the court erred in withdrawing from the jury the issue of fraudulent representations.

I. It appears from the evidence that the plaintiffs acted as agents for the defendants in procuring a contract in exchange of lands, as between the defendants and one Sterrett, whereby the defendants bound themselves to convey to Sterrett a farm of 240 acres in Madison County in exchange for a farm of 320 acres in North Dakota, to be conveyed to them by the said Sterrett. The contracting parties duly executed a formal written contract of exchange, and mutually delivered the same. This contract was drawn by the defendant John G. W. Hannay in person. On the same day, June 10, 1922, the note in suit was executed for the commission. More than two months later, this contract was mutually rescinded by a written agreement of the parties. The contention for the defendants is that, when they executed the note, it was delivered to the plaintiffs on condition only that it should not become effective until the contract of exchange was fully carried out or performed. Because of the mutual rescission by the contracting parties, it never was carried out, and it never can be. On the issue presented, the evidence was in direct conflict. The verdict of the jury was for the plaintiffs, and it is not wanting in support in the evidence. The defendants, therefore, were not entitled to a directed verdict, nor are they entitled to claim that the verdict is without support in the evidence.

II. On the issue of fraud, the trial court held that the evidence failed to show the falsity of the representations com-

plained of, and withdrew such issue from the jury accordingly.

1. FRAUD: jury
question: in-
sufficient evi-
dence.
Defendants complain of this ruling, and contend that they had sufficient evidence in the record to go to the jury. The defendant John G. W. Hannay testified to the alleged false representations as follows:

"I asked the question what kind of crops were raised on there, and Mr. Gibson said to me, 'There is small grain, oats, barley, and wheat and tame grass on the rest of it;' that most of it was under the plow. Mr. Gibson said that the fences were in good repair: cedar posts and barbed wire,—good enough to hold stock. * * * I asked if there were any noxious weeds or bad weeds of any description. Mr. Gibson answered there were no noxious weeds on the place."

For the purpose of showing the falsity of the representations, he called the witness Sterrett, who was the other contracting party and the owner of the North Dakota land. Sterrett, however, was not a resident of North Dakota, but was a resident of Jasper County, Iowa. The testimony elicited from Sterrett was as follows:

"There is no tame grass or timothy on that farm. There never has been, so far as I know. The fences are in good repair,—new fences. 15 to 20 acres is fenced. The rest is not fenced at all. I would judge 300 acres is under cultivation. There was some wheat, barley, and oats, I think, last year.

"Q. How much wheat? A. Well, I could not tell you. Q. How much oats? A. I could not tell you that, either. Q. How much barley? A. I do not know. Q. Do you know if there was any? A. Yes, sir, I do. Q. How do you know? A. Well, I know it was put in the elevator. Q. Your share of it? A. Yes, I rented it for one fourth. I have not found out yet how much I got from it. I wrote up, and the man was gone. The tenant had left at that time. I leased it to the tenant for three years. Q. And he did not stay? * * * Q. Are there any noxious weeds on the farm? A. Well, I guess that is what they call it. Q. Quack grass? A. Very little. Q. Canadian thistles? A. Some. Q. Wild mustard? A. I do not think so. Q. Over all the grain fields wasn't there a wild mustard, in North Dakota? A. I do not think so on that place."

The foregoing is a portion of the record which appellant brings before us in support of this ground of reversal. It will be noted from this testimony that 300 acres of the farm were under cultivation. Assuming that some of its acreage was appropriated by yards, buildings, and highways, the remaining acreage was very small. The enumeration of products made by Gibson was "oats, barley, and wheat and tame grass;" "that most of it was under the plow." Gibson also said that there were no noxious weeds on the place. The contention is that this statement was false, in that there was no tame grass on the place, and in that there was "very little" quack grass and "some" Canadian thistle. Granting that, under this evidence, the statement of Gibson was not literally true, did the description given by Sterrett show that its departure from the truth was substantial? Without passing directly upon this question, it is sufficient to say that the departures here indicated were not of such a nature as to imply *scienter* on the part of Gibson. There is no evidence in the record from which it could be said that Gibson knew, or had reason to know, that his representations were false. The farm was substantially all under the plow. That it would produce weeds to some extent would be inevitable. No evidence was offered as to what weeds should be deemed noxious and what non-noxious. None was specified in the representations. For want of proof of *scienter* alone, the trial court was justified in withdrawing the issue.

We have assumed in the foregoing that the evidence on this question was undisputed. In fact, however, much testimony was introduced in support of Gibson's denial as a witness that he had ever made the representations alleged. He testified that he had never seen the farm, and had so told the defendants.

III. There is a third ground of reversal urged by the appellants which we should not notice at all, except for the emphatic insistence upon it in appellants' brief. The plaintiffs' petition declared upon a promissory note. It contained a copy of the note. The plaintiffs were named as the payees therein. Judgment was prayed thereon. The petition contained the following sentence:

2. TRIAL: exceptions: sufficiency.

"That this note is now the property of the *defendants,* past due and unpaid."

The contention of the appellants now is that this allegation is fatal to the petition, and that the trial court should have directed a verdict for the defendants on account thereof. It is to be noted that the appellants present this defect of the petition to us with more boldness than they did to the district court. If it can be said that the question was presented to the district court at all, it was only in the form of a motion to direct a verdict for the defendants on the following grounds:

"First: There is no competent evidence before the court that the plaintiffs are the owners and holders of the note.

"Third: There is no competent evidence that the plaintiffs are entitled to recover, on the whole record. No judgment can be rendered in favor of the plaintiffs on the testimony introduced."

The argument now is that these grounds should have been sustained because of such defect in the petition. It is manifest that the form of these stated grounds was not intended to apprise the court or opposing counsel of the specific defect in the petition. That the defect itself was a mere clerical inadvertence is too manifest from its context to require discussion. Granting that the appellants were not responsible for the inadvertence, and were not bound thereby, the fact remains that they were entitled to full relief against it in the district court by bringing it frankly to the attention of such court. This was not done. It is our duty to construe pleadings liberally to the support of the judgment. The point made is essentially an attack upon the pleading, and is made for the first time in this court. We give no consideration to such an attack by appellant unless it has been first made in the district court. Needless to say that the point is without substantial merit. In view of the fact that the plaintiffs were the payees of the notes sued on, the allegation of ownership was wholly unnecessary. The judgment below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.