EDITH C. KIRBY, APPELLANT, v. ROY ROBINSON, RESPONDENTS.—44 S. W. (2d) 253.

Kansas City Court of Appeals.    December 7, 1931.

*Carl H. Willbrand* and *Montgomery & Montgomery* for respondent.

*Jones & Wesner* for appellant.

CAMPBELL, C.—This is an action to recover an alleged balance due upon a lost promissory note. Plaintiff recovered judgment. Defendant appeals.

The assignments of error discussed in defendant's brief are: (1) That the court erred in refusing to direct verdict for defendant at

the close of plaintiff's evidence; (2) and in refusing a like request at the close of the evidence.

The assignments will be treated together.

It is argued by defendant that the petition is fatally defective because it is not therein alleged that the plaintiff "was the legal owner and holder of the note sued on."

The record reveals that the defendant filed general demurrer to the petition; that while the demurrer was pending plaintiff obtained leave to amend her petition by interlining therein an allegation to the effect that she is the legal holder of the note and was the owner and holder at the time the instrument was lost.

Though the interlineation was not made, the parties and the court treated it as having been made and we will so treat it. [Citizens Trust Company v. Going, 232 S. W. 996, 288 Mo. 505, 521.]

It was alleged in the petition that on November 16, 1920, "defendant by his certain negotiable promissory note of that date by him duly executed and delivered, promised for valuable consideration to pay to plaintiff herein one year after said date the sum of four hundred dollars." . . .

The averment that defendant executed his note to plaintiff is a statement of fact from which the legal conclusion flows that she was the owner and holder thereof. Plaintiff having pleaded facts which show that she was the payee and therefore the original owner of the note, and nothing more appearing, the law presumes that she continued to be the owner and holder thereof. [Newell v. Lafant, 251 S. W. 472; Fairbanks v. Coulson, 131 S. W. 894, 151 Mo. App. 260, 264.]

The petition was sufficient, and the amendment, though made, was unnecessary. [Burdsal v. Davis, 58 Mo. 138; Bick v. Clark, 114 S. W. 1144, 134 Mo. App. 544.]

The following statement appears in defendant's argument: "There is no evidence on which to base the fact that the purported note was lost or destroyed." . . . Defendant does not point out wherein the evidence failed in that respect. We, however, have examined the record and find that plaintiff testified that she misplaced it. "I throwed it out with some other papers, I don't know. . . . I didn't miss it for several years—I think in 1925, when I was coming back, because I was going to see him, to see if he could pay me and I never could find it."

The evidence was abundant that defendant executed the note; that he thereafter promised, both orally and in writing, to pay the debt.

The jury found the facts in favor of the plaintiff, and that finding meets our approval. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.