P. A. PARKINSON, Plaintiff and Appellant, v. W. R. DIEFENDERFER, Defendant and Respondent.

No. 9411.
Submitted February 24, 1955. Decided February 28, 1955.
280 Pac. (2d) 424.

548

Mr. Franklin S. Longan and Mr. Robert L. Jones, Billings, for appellant.

Mr. Franklin A. Lamb and Mr. Charles F. Moses, Billings, for respondent.

Mr. Longan and Mr. Lamb argued orally.

The HON. WILLIAM R. TAYLOR, District Judge sitting in place of Mr. Justice Davis, disqualified:

Plaintiff's complaint contained two causes of action, the first to recover $20,000, and the second $10,000, on two promissory notes that were made by defendant to plaintiff. In the complaint it was alleged in both causes of action that "Defendant made, executed and delivered to Plaintiff his promissory note"; the notes were set out *in haec verba;* and it was alleged that the defendant had not paid the note or any part thereof to plaintiff, and that the full amount of the note, together with interest, was due and owning from defendant to plaintiff. In neither cause of action was it stated that the plaintiff is now, and at all times has been, the owner and holder of said note, and on the day before trial, which was 22 months following the filing of the complaint, and 13 months from the time the case became at issue, plaintiff filed his motion to make such amendment to both causes

of action. The motion was argued following the selection of the jury, and upon the authority then cited, the court believing that because of the failure to include the allegation sought to be made causes of action were not stated, and that the motion to amend and to change the complaint to state for the first time causes of action was not timely made, denied the motion. At the outset of plaintiff's examination of his first witness, defendant objected to the introduction of evidence on the ground that neither count of the complaint stated a cause of action, and upon the objection being sustained by the court, defendant moved for dismissal of the action. Plaintiff's appeal is from the judgment of dismissal.

It is a fundamental rule of pleading in actions on bills and ██ ██ notes that the plaintiff must allege facts showing title or right to sue. In an action by the payee named in the instrument, however, a formal allegation that he is still the owner and holder is unnecessary if the execution of the instrument, its delivery to the plaintiff, and the default of the maker or acceptor are alleged. From such facts the payee's ownership will be presumed. This court so held in the case of J. I. Case Threshing Machine Co. v. Simpson, 54 Mont. 316, 170 Pac. 12. Additional authorities are: 8 Am. Jur., Bills & Notes, sec. 954, pages 563, 564; 10 C. J. S., Bills & Notes, sec. 594, page 1218; Albergo v. Gigliotti, 96 Utah 170, 85 Pac. (2d) 107, 129 A. L. R. 967; First National Bank of Tucumcari v. Lutz, 28 N. M. 615, 216 Pac. 505; Phillips v. Oppenheim, 125 Okl. 181, 256 Pac. 352; Van Marel v. Watson, 28 Ariz. 32, 235 Pac. 144; Dysert v. Weaver, 46 Cal. App. 576, 189 Pac. 492; Hobbs v. Citizens' Bank of Wrens, 32 Ga. App. 522, 124 S. E. 72; Gibson v. Hannay, 198 Iowa 930, 200 N. W. 579; Kirby v. Robinson, 226 Mo. App. 561, 44 S. W. (2d) 253; Thompson v. Johnson, 202 N. C. 817, 164 S. E. 357; Advance-Rumely Thresher Co. v. Johnson, 62 N. D. 553, 243 N. W. 919; Western & Southern Fire Ins. Co. v. Murphey, 56 Okl. 702, 156 Pac. 885; Schott v. Glen-Dial, Inc., 188 Okl. 201, 107 Pac. (2d) 803; Dant & Russel v. Ostlind, 148 Or. 204, 35 Pac. (2d) 668; Buckman v. Hill Military Academy, 182 Or. 621, 189 Pac. (2d)

575; Union Guano Co. v. Garrison, 130 S. C. 404, 126 S. E. 133; Hecht v. Weissenberger, Tex. Civ. App., 49 S. W. (2d) 872; Peters v. Lyles-Madry Implement Co., Tex. Civ. App., 41 S. W. (2d) 69; Barton v. Pochyla, Tex. Civ. App., 243 S. W. 785.

Thus the causes of action were properly pleaded in plaintiff's complaint; there was no necessity to amend the complaint; and the court erred in sustaining the objection to the introduction of evidence and in entering judgment of dismissal.

It being decided that each count of plaintiff's complaint sufficiently stated a cause of action, it is unnecessary to determine whether or not the trial court erred in denying plaintiff's motion to amend his complaint.

The judgment of dismissal is reversed, the cause remanded to the district court for trial and plaintiff is awarded his costs. Remittitur will issue forthwith.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES ANGSTMAN, ANDERSON and BOTTOMLY, concur.