## BURLING v. STINNETT.

No. 4352.   Opinion Filed April 27, 1915.

(148 Pac. 140.)

BILLS AND NOTES—Pleadings—Judgment on Pleadings—Unverified Answer. In an action upon a promissory note by the payee against the maker thereof, an unverified answer admitting the execution and delivery of the note, but alleging that the payee is not the owner and holder thereof, states no defense, and the payee is entitled to judgment on the pleadings for the amount due on said note.

(Syllabus by Dudley, C.)

*Error from County Court, Woodward County;*

*Clyde H. Wyand, Judge.*

Action by E. Burling against R. Stinnett. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*S. S. Laune,* for plaintiff in error.

DUDLEY, C. On January 20, 1911, the plaintiff in error, hereinafter referred to as the plaintiff, commenced this action in the justice court of Woodward township, Woodward county, before B. B. Smith, justice of the peace therein, against the defendant in error, hereinafter referred to as the defendant, to recover the amount claimed to be due upon a promissory note of $160, executed by the defendant on November 5, 1909, due and payable to the order of plaintiff one year thereafter, bearing interest at 10 per cent. from maturity. A copy of the note was attached to the bill of particulars. On February 7, 1911, the defendant filed an unverified, general denial, and thereafter, and on February 15, 1911, the case was tried to the justice, resulting in a judgment in favor of the plaintiff for the amount sued for, from which the defendant perfected an appeal to the county court of Woodward county. Thereafter, and on March 20, 1911, the

plaintiff filed a motion in the county court for judgment on the pleadings, for the reason that the answer was unverified. Pending the hearing upon this motion, and on March 22, 1911, the defendant, by leave of court, filed an unverified, amended answer, in which he admits the execution and delivery of the note sued upon, but denies that the plaintiff is the owner and holder thereof, or the real party in interest. No reply was filed to this amended answer. Thereafter, and on January 24, 1912, plaintiff's motion for judgment on the pleadings was overruled, and exceptions saved. Following this, and on January 26, 1912, said cause was tried to the county court, without a jury, and resulted in a judgment in favor of the defendant, from which the plaintiff has perfected an appeal to this court.

The plaintiff insists that he was entitled to judgment on the pleadings, and that his motion should have been sustained. We agree with him. The original answer was an unverified general denial. This raises no issue, under section 4759, Revised Laws 1910 (section 5648, Compiled Laws 1909). This is too well settled to require citation of authorities. The amended answer which was also unverified, admits the execution and delivery of the note sued on, but alleges generally that the plaintiff is not the owner and holder thereof. This constitutes no defense. In the case of *Berry et al. v. Barton et al.*, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, this court held:

"When a party executes a note payable to a person named therein or to his order, and then fails to pay the same at maturity, and the payee files his petition reciting the execution of the note by the maker to the plaintiff, for a valuable consideration, and the fact that defendant has defaulted, ownership is presumed in the plaintiff, from the facts pleaded; and it is not absolutely necessary for him to formally allege that he is still the owner and holder of such note; and an answer which denies that such plaintiff and payee is the owner and holder of such note sued on, and alleges that he is not the real party in interest, states no defense, and the plaintiff is entitled to judgment on the pleadings."

On the authority of this case, the plaintiff was entitled to judgment on the pleadings, and the trial court erred in overruling the motion for judgment on the pleadings.

The note sued on is a plain, negotiable, promissory note. It was introduced in evidence, and the plaintiff testified that he was the owner and holder of it. No evidence was introduced or offered by the defendant, and plaintiff was entitled to judgment for the amount due upon the note. *Horne v. Oklahoma State Bank of Atoka*, 42 Okla. 37, 139 Pac. 992. No brief has been filed by the defendant in error.

The judgment of the trial court is reversed, and it is hereby ordered and directed to set aside the former judgment rendered herein, and enter a judgment for the plaintiff against the defendant, for the amount sued for, with interest and cost.

By the Court: It is so ordered.