## STREET v. MISSOURI-INTERSTATE PAPER CO.

No. 15839—Opinion Filed· Jan. 19, 1926.

### Bills and Notes—Defenses Under Unverified General Denial Admitting Execution of Notes.

An unverified general denial which expressly admits the execution of the notes sued on, where the petition sets forth no cause of action except that based on the notes, raises no defense to plaintiff's cause of action, and is not sufficient to join issues on the question of ownership, placing of revenue stamps on, or listing the notes for taxes.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by the Missouri-Interstate Paper Company against John H. Street. Judgment for plaintiff, and defendant brings error. Affirmed.

Asbery Burkhead, for plaintiff in error.

Nelson & Blair, for defendant in error.

Opinion by JONES, C. This appeal involves a judgment of the court of common pleas of Tulsa county, Okla. The court sustained motion of plaintiff for judgment on the pleadings, and this action of the court is assigned as error. Appellant first contends that the court was without jurisdiction, because the amended petition, upon which the case was tried, was an amendment of a petition that was an absolute nullity, in that it failed to state that the Missouri-Interstate Paper Company was a corporation, but designated the plaintiff "Missouri-Interstate Paper Company," which could not be a person in law, and hence no plaintiff at all, and rendered the petition incapable of being amended. There is no merit in this contention. See Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127.

Appellant next contends that the action of the court in sustaining the motion for judgment on the pleadings was error, because the unverified general denial, which denied every allegation contained in plaintiff's amended petition, except the execution of the notes to the Missouri-Interstate Paper Company, joined issue as to ownership, and whether revenue stamps had been placed on the notes, and whether the notes had been listed for taxes, as provided by section 9608, C. S. 1921, and whether plaintiff had been authorized to do business in this state.

The defense that plaintiff is not the owner or holder of the notes sued on is an affirmative defense, and must be specifically pleaded. 8 C. J. 967. This rule has been followed by this court in Burling v. Stinnett, 46 Okla. 159, 148 Pac. 140:

"In an action upon a promissory note by the payee against the maker thereof, an unverified answer admitting the execution and delivery of the note, but alleging that the payee is not the owner and holder thereof, states no defense, and the payee is entitled to judgment on the pleadings for the amount due on said note."

The questions of whether the notes had revenue stamps placed on them, or had been listed for taxes, are not raised by general denial.

Appellant also complains of the court's action in refusing to permit the filing of a verified answer after motion for judgment on the pleadings had been presented. The record does not disclose the nature of the amended answer, further than that it was verified, and if this be the only amendment, we regard it as immaterial. The execution of the notes having been admitted, the verification would add nothing to the answer; furthermore, the filing of amendments is largely a matter of discretion with the trial court, and we think there was no abuse of discretion in refusing to permit the amendment offered. After the motion for judgment on the pleadings had by the court been sustained, the defendant objected to the rendition of judgment for the reason that the copies of the notes attached to the plaintiff's petition did not show that any revenue stamps had been placed on the notes, or that same had been listed for taxes. This objection was directed to the copies of the notes attached to the petition, and not to the original notes. The objection was overruled, and thereupon the court inquired if plaintiff desired to offer the notes in evidence, whereupon the notes were offered in evidence and defendant objected to the introduction of the evidence for the reason:

"That the notes are not indorsed to anyone, and for the reason that they are not made to the plaintiff, Missouri-Interstate Paper Company, a corporation."

This objection has likewise overruled.

We find no error in the ruling of the court in these particulars. The question involved in the last objection is not raised by the pleading, and the first objection being directed against the copies of the notes, and offered as a reason why the court should not render judgment on the pleadings, and not being renewed at the time the notes were offered in evidence, is of no avail.

Finding no error, we hold that the case should be and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 950 § 1238 (Anno).