## CITIZENS STATE BANK of WEBBERS FALLS v. HARTSELL.

No. 19994. Opinion Filed May 26, 1931.

W. R. Banker, for plaintiff in error.

M. D. Hartsell, for defendant in error.

RILEY, J. This action was commenced in the justice of the peace court in Muskogee county to recover the sum of $145, alleged to be due to plaintiff under an agreement between plaintiff and defendant and one Poteete. On June 7, 1927, plaintiff was appointed receiver in an action in the district court for the foreclosure of a real estate mortgage. Certain of the lands covered by the mortgage were rented to and cultivated by one Van Hayes during the year 1927, upon a crop rental basis. Another portion of the land was rented to and cultivated by Virgil Poteete for cash rent. The amount of rent from the latter tract of land was $375. John R. Fields, the owner of the land, had borrowed about $250 from defendant bank to pay the interest on the first mortgage on the land and had given the bank a mortgage on the rents and income from the land rented to Hayes, and Hayes had signed the note.

Plaintiff alleged that he, the defendant bank, and Virgil Poteete entered into an agreement that all the rent from that part of the land cultivated by Poteete should be turned in to said bank and deposited to plaintiff's credit, as receiver, subject to the check of plaintiff in due course; that Poteete harvested the crops on the land and carried the entire proceeds thereof to defendant bank and requested the bank to deposit a sufficient amount thereof to the credit of plaintiff to pay the rent on the land; that defendant bank claimed to have a mortgage upon the crops of Poteete, and contrary to the agreement, and contrary to the instructions of Poteete, wrongfully applied $145 of the money so delivered by Poteete to the lien claim or mortgage held by the bank on the crops of Poteete, and thereby converted said sum of $145 belonging to plaintiff to its own use. In addition to the alleged agreement, plaintiff also alleged, in substance, that by virtue of the landlord's lien on the crops raised by Poteete the purported lien of the bank was junior and inferior to the landlord's lien of plaintiff.

Defendant answered by general denial.

Judgment was for plaintiff in the justice of the peace court, and defendant appealed to the district court of Muskogee county, where trial was had de novo to the court, a jury having been waived. Judgment in the district court was for plaintiff, and defendant bank appeals.

There are seven assignments of error, but the sixth, which goes to alleged error in admitting evidence offered by defendant in error, not being presented in the briefs, will be treated as abandoned.

It is first contended that the court erred in overruling the demurrer of defendant to the evidence of plaintiff. The question is presented apparently upon the theory that the trial court held that the landlord's lien provided by statute followed the proceeds of the crop raised by Poteete upon the rented premises and covered the money received therefor in the hands of the defendant, and that the defendant had no right to apply the proceeds to its indebtedness, though requested so to do by Poteete, until the amount of plaintiff's rent was first paid. The trial court did not so hold. The finding of the trial court is general and is as follows:

"And the court having heard the evidence offered on the part of both the plaintiff and the defendant, and being fully advised in the premises, finds the issues in favor of the plaintiff and against the defendant, and assesses the amount of plaintiff's recovery at $145."

The evidence of plaintiff was, in substance, that shortly after his appointment as receiver in the foreclosure proceedings, he, together with one J. N. Winford, who was the plaintiff in the district court case, went to the premises occupied by Poteete and informed him of the appointment of plaintiff as such receiver and that they there agreed that the number of acres of land which Poteete was farming, and for which he had agreed with the owner to pay $12.50 per acre cash rent, was 30 acres, making the total amount of cash rent the sum of $375; that thereupon they three went together to the defendant bank, and there had a conversation with H. H. Moore, its managing officer in charge; that Moore contended that the mortgage given by Fields for the $250 covered the rentals on the land farmed by Poteete as well as that farmed by Hayes; that some argument was had over this matter and when the mortgage was read it showed that it covered only the rentals from the land farmed by Hayes; that at that time Poteete had already sold a part of the crops raised on the land farmed by him, a part of the spring crop of potatoes, and had placed the money received therefor in defendant bank; that Moore did not want to turn the money over to plaintiff, whereupon it was agreed that all the rent money was to be put in the bank in the name of the receiver and left there until fall, and that there would be no checks drawn against it until the note and mortgage given to the bank by Fields and signed by Hayes had been paid in full; that is, out of the rents from the two farms, the bank should be paid the $250 Fields note, and after that plaintiff was to have the balance; that Hayes deposited some $33.72 more than enough to pay off the Field-Hayes note, and that Poteete deposited about $590, the proceeds from the sale of all the crops produced on the land farmed by him; that the bank had placed but $230 thereof to the credit of plaintiff and had refused to turn over the remaining $145 due on the rent from the land farmed by Poteete.

Poteete was a witness for plaintiff, and testified that he deposited all the proceeds of his crop in defendant bank; that of the money so deposited, he requested the bank at one time to apply $150 on the cash rent and another time $80; that the balance he requested to be applied on a note and mortgage which he owed the bank; that altogether he had deposited more than enough to pay the $375 rent. However, he disclaimed any knowledge of the alleged agreement at the bank, or that he had ever agreed that the amount of rent he should pay was $375.

We think the agreement testified to by the witness for plaintiff, if made, was a valid and binding agreement. From the evidence there appeared to be some contention made by the bank of its right to hold all the rents from both tracts of land until the Fields-Hayes note was paid in full, and in order to get that note paid, the bank agreed to receive and hold the rent money from the Poteete land in the name of the receiver with the understanding that the receiver would draw no checks against such deposit until the Fields-Hays note was paid in full, and that after it was paid in full the money would then become subject to check by the receiver. The evidence showed that the Fields-Hayes note was paid in full, and if the agreement was made as testified to by the witness for plaintiff, then plaintiff would be entitled to recover, since the evidence clearly showed that Poteete had turned in more than enough to pay the $375.

The demurrer to plaintiff's evidence was properly overruled.

All other assignments except the seventh go to the sufficiency of the evidence to uphold the finding and judgment of the trial court. A careful examination of the record will disclose that the evidence of defendant does no more than contradict that of the plaintiff as to the agreement. The agreement testified to by plaintiff's witness is flatly and positively denied by the testimony of Mr. Moore. Defendant does not contend that Poteete did not in fact turn over to the bank more than enough money to pay the $375 rent, after it had been reimbursed for the money that it had advanced to Poteete for expenses in harvesting and marketing the crop. The effect of defendant's evidence is to deny the agreement and attempt to show that it followed the direction of Poteete as to how the money should be applied. There was then but a question of fact to be determined by the court, and the findings of the trial court in such cases are to be treated as a verdict by a jury, and will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same.

The seventh assignment of error is that the court erred in ruling and holding that the defendant was required and bound to collect for plaintiff all the rents due. This assignment is without merit, since, as pointed out, no such ruling or holding was made.

There is some contention made by defendant that this is an equity case, and therefore this court should review and weigh the evidence. With this we cannot agree. The case is in no sense one of equitable cognizance, such as to give this court the power to review and weigh the evidence. The defendant apparently made no contention of this kind in the district court nor in the justice court, as he made no objection to the jurisdiction of the justice of the peace as to the subject-matter of the action.

The judgment is affirmed.

HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

LESTER, C. J., CLARK, V. C. J., and CULLISON and ANDREWS, JJ., absent, not participating.