## ROBERTS v. STEKALL.

No. 22311. May 8, 1934.

Joseph J. Rosenbloom, for plaintiff in error.

Steele & Boatman, for defendant in error.

CULLISON, V. C. J. J. D. Roberts, plaintiff, filed suit against Louis Stekoll, defendant, seeking to recover on a judgment formerly rendered against defendant. The record discloses that Mike Roberts procured judgment in the district court of Tulsa county against defendant, Stekoll. Mike Roberts assigned said judgment to plaintiff herein. After said judgment was procured against Stekoll, he filed a voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Oklahoma, and was adjudged a bankrupt, and later obtained his discharge in bankruptcy. In the case at bar, plaintiff claims that defendant promised to pay said judgment, which had been regularly listed in the bankruptcy proceedings, and seeks to recover from defendant upon said promise as a waiver of his discharge in bankruptcy.

The case was tried to the court without a jury, and, upon the conclusion of said cause, the court rendered judgment for the defendant. From said judgment, plaintiff appeals to this court, and contends that the judgment is contrary to law and evidence.

The rule as to what is required to revive a discharged debt is announced by the United States Supreme Court in the case of Allen v. Ferguson, 21 L. Ed. 845. At page 855 of the opinion, the court said:

"All the authorities agree in this, that the promise by which a discharged debt is revived must be clear, distinct and unequivocal. It may be an absolute or a conditional promise, but in either case it must be unequivocal, and the occurrence of the condition must be averred if the promise be conditional. The rule is different in regard to the defense of the statute of limitations against a debt barred by the lapse of time. In that case, acts or declarations recognizing the present existence of the debt have often been held to take a case out of the statute. Not so in the class of cases we are considering. Nothing is sufficient to revive a discharged debt unless the jury are authorized by it to say that there is the expression by the debtor of a clear intention to bind himself to the payment of the debt. Thus, partial payments do not operate as a new promise to pay the residue of the debt. The payment of interest will not revive the liability to pay the principal, nor is the expression of an intention to pay the debt sufficient. The question must be left to the jury with instructions that a promise must be found by them before the debtor is bound. Hilliard Bankr. 264-266, where the cases are collected."

For a recent authority, see Neblett v. Armstrong (Tex. Com. App.) 75 A. L. R. 577, and also 75 A. L. R. 584.

Under the authorities cited, before a discharged debt is revived, the debtor must make a promise that is clear, distinct, and unequivocal. The debtor must express a clear intention to bind himself to the payment of the debt. A partial payment alone is not sufficient to revive a discharged debt.

The question of whether or not the debtor made such a promise as to revive the discharged debt is a question of fact which must be left to the jury under proper instructions, or, if a jury is waived and the case is tried to the court, the findings of the court will be given the same consideration as the verdict of the jury.

The case at bar was tried to the court without a jury, and at the conclusion thereof the court found for defendant, holding that there was not a clear, distinct, and unequivocal promise to pay said debt sufficient to revive said discharged debt.

There was competent evidence sustaining said finding of the court. The rule of this court is well established that, in an action at law, where a case is tried to the court and the court renders its findings thereon, which are supported by competent evidence, said findings and judgment of the court will not be reversed by this court. Southland Refining Co. v. Jackson, 149 Okla. 286, 1 P. (2d) 410; Gates Oil Co. v. Prairie Oil & Gas Co., 159 Okla. 288, 15 P. (2d) 56.

Finding no substantial error in the judgment of the court below, the judgment thereof is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. WELCH, J., absent.