### BARNETT v. JONES.

No. 24582.　June 25, 1935.

Charles Skalnik, for plaintiff in error.

W. D Woolley and Burns McCain, for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in error in an action on a promissory note.

The petition of plaintiff is in the usual form, alleging the execution of the note by defendant in the sum of $497.35, at Nevada, Tex., June 11, 1925, due January 1, 1926, with interest at the rate of 10 per cent. per annum from June 15, 1935. It alleged a balance due of $322.35, with interest from June 15, 1925.

A copy of the note was attached to the petition, and made a part thereof. On the back thereof were indorsed credits in the total sum of $175, viz., six credits of $25 each, dated from August 15, 1928, and July 6, 1929, inclusive.

This action was commenced August 27, 1931, in the court of common pleas of Tulsa county.

Defendant filed an unverified answer on September 15, 1931, consisting of a general denial, and allegations to the effect that the note sued upon had been paid in full; and that plaintiff's cause of action was barred by statute of limitations.

Motion by plaintiff was thereafter filed for judgment on the pleadings. This motion was overruled on November 28, 1931.

On December 8, 1931, plaintiff filed a reply consisting of a general denial.

On December 11, 1931, defendant, with leave of court, filed an unverified amendment to his answer alleging in substance that plaintiff, Jones, was not the owner and holder of the note sued upon, and was not the real party in interest. Plaintiff on December 31, 1931, filed his reply to the amendment, being a general denial.

September 30, 1932, the court entered an order setting the cause for trial October 11, 1932.

On October 11, 1932, a jury was impaneled and sworn to try said cause. Thereupon and before any evidence was offered defendant presented, and asked leave to file a further amendment to his answer as follows:

"For further answer and for further defense herein defendant states that the signature on the instrument herein sued on by plaintiff is his signature, but defendant states that at the time he affixed his signature to said instrument the amount thereof was not filled in; that he had previously and on two different occasions borrowed from the plaintiff the sum of $75. each time; that subsequent to the borrowing of these two amounts plaintiff sent the aforesaid instruments to defendant in blank as aforesaid and defendant signed the same with and upon the agreement and understanding that the amount of the same should be the sum of the two sums so previously borrowed, of $150. plus accrued interest and this defendant never knew until the filing of this suit that the note was for a different amount; that at the time of the signing of the aforesaid instrument as aforesaid, defendant owed plaintiff only the sum of $150, and accrued interest; that since the filing of

said instrument he has paid plaintiff the sum of $175, and defendant therefore states that all he ever owed plaintiff upon said instrument has been more than paid in full and that all sums defendant has ever owed plaintiff have been paid in full."

Plaintiff objected thereto and the court denied leave to file the amendment.

The order of the court denying leave to file the amendment is in part:

"Let the record show that the court denies the permission to file said second amendment to his answer to the defendant for the reason it would change the issues in this case and would necessitate a further continuance to take depositions."

Thereupon plaintiff requested an order holding the burden of proof to be upon defendant. The court so held, and counsel for defendant then made his opening statement to the jury. Therein he stated in substance that for many years prior to the date of the note, defendant had been borrowing money in various amounts from plaintiff and the bank with which plaintiff was then connected; sometimes executing a note at the time and at other times he would get the money and execute a note therefor at a later date. That some of the notes had been paid, but not returned to defendant; that at the time defendant signed the note in question it was in blank as to amount; that at that time defendant owed plaintiff $150., and it was understood that the note should be filled in for that amount plus accrued interest. That instead plaintiff filled in the note for $497.35. That he had since that time paid plaintiff the sum of $175, as shown by the indorsements thereon. That thereby he had paid plaintiff more than he actually owed him.

Thereupon plaintiff moved for a directed verdict upon the opening statement made by counsel for defendant.

This motion was sustained, and the jury returned a verdict for plaintiff as instructed. From the judgment based thereon defendant appeals.

On the question of denial of the right to amend the answer of defendant, it is quite clear that there was no error. The request, coming as it did after the jury had been sworn, was in effect a request to amend during the trial.

The proposed amendment changed entirely the defense.

In Dill v. Malot, 66 Okla. 74, 167 P. 219, it is held:

"While amendments are favored in the furtherance of justice, the granting or refusal of permission to amend rests largely within the discretion of the trial court, and it is not an abuse of such discretion to refuse to permit, after trial is begun, an amendment of an answer, which would substantially change the defense."

See, also Turner v. Pitts, 162 Okla. 246, 19 P. (2d) 564.

Had the amendment been allowed at the time it was requested, plaintiff would have been placed in a position where he could not meet the new issue without a continuance. Defendant would then have been in a position to present, as a defense, an alleged state of facts he knew all the time after suit was commenced, nearly fourteen months before the date of the trial. The delay in setting up such defense was apparently inexcusable. The delay was presumably for the purpose of catching plaintiff at a disadvantage, and taking him by surprise.

For the same reason, there was no error in denying defendant's offer of evidence tending to substantiate the allegation in the proposed amendment.

Defendant had not denied the execution of the note under oath; its execution in the amount alleged stood admitted. In his opening statement counsel for defendant admitted in effect the correctness of the several credits.

The trial court held that the pleadings, coupled with the admission in the opening statement, admitted liability in the amount sued for.

In this case the action was by the payee named in the note.

In Burling v. Stinnett, 46 Okla. 159, 148 P. 140, it is held:

"In an action upon a promissory note by the payee against the maker thereof, an unverified answer admitting the execution and delivery of the note, but alleging that the payee is not the owner and holder thereof, states no defense, and the payee is entitled to judgment on the pleadings for the amount due on said note."

See Kerr et al. v. McKinney, 69 Okla. 88, 170 P. 685; Street v. Missouri-Interstate Paper Co., 116 Okla. 81, 243 P. 171.

There was no error in directing a verdict.

Judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ, concur.