**NELSON v. RUSSELL et al.**

No. 25318.   Oct. 15, 1935.

Harold D. Smith and Philip Sureck, for plaintiff in error.

Ralph J. May and Herman M. Shirley, for defendants in error.

PER CURIAM. The plaintiff in error was defendant in the trial court and the defendants in error were plaintiffs; and hereafter they will be referred to as they appeared in the trial court.

On October 3, 1932, the plaintiffs, C. C. Russell and Mrs. C. C. Russell, entered into a contract with the defendant, E. Todd Nelson, whereby the defendant, E. Todd Nelson, gave an option of purchase to the plaintiffs on the equipment and lease of the barber shop and beauty parlor located at 222 North Broadway, Oklahoma City, Okla., for the purchase price of $2,500, payable $3 per each operating day, with the further provision that the option could be exercised by the plaintiffs at any time up to and including January 10, 1933; and between October 3, 1932, and January 10, 1933, the plaintiffs were to operate the barber shop on the basis of 70 per cent. of the gross receipts taken in by Mr. Russell and the barbers working under him to be paid 60 per cent. of the gross receipts; and Mrs. C. C. Russell was to operate the beauty parlor and to receive 50 per cent. of the gross receipts and the difference between the amounts received by Mr. Russell in the barber business and by Mrs. Russell in the beauty parlor business was to be paid to the defendant, E. Todd Nelson, upon demand. On October 5, 1932, the plaintiffs began operating the barber shop and beauty parlor, and they continued to operate the same until November 28, 1932, after which time the defendant, E. Todd Nelson, had the telephone, the water, the gas, and electricity cut off, and thereby the plaintiffs were prevented from continuing the business. Apparently within about three days they turned the keys over to the defendant, or his authorized agent. The plaintiffs then brought suit in the justice court for the amount which they would have received had they not been prevented from continuing the barber shop and beauty parlor business.

The defendant, E. Todd Nelson, defended on the grounds that the plaintiffs refused, upon proper demand, to disclose to him their books and records showing the amount of receipts and disbursements, and also alleged mismanagement. The case was tried in the justice court and resulted in verdict in favor

of the plaintiffs. It was then appealed to the district court of Oklahoma county and then transferred to the court of common pleas of Oklahoma county; and the parties appeared and voluntarily waived a jury and tried the case before the court, which resulted in judgment in favor of the plaintiffs in the sum of $120. From this judgment an appeal is taken to this court by the defendant.

After reading the briefs of the parties and reviewing the record, the court is of the opinion that the judgment of the court of common pleas of Oklahoma county is amply supported by the evidence; and this court has heretofore announced the rule that judgments and findings of the trial court in law cases tried by the court without a jury will not be disturbed, if reasonably supported by competent evidence. See Gates Oil Co. v. Prairie Oil & Gas Co., 159 Okla. 288, 15 P. (2d) 56; and Briggs v. Wright, 162 Okla. 183, 18 P. (2d) 530.

The plaintiffs proceeded on the theory that they were wrongfully prevented from continuing under the contract, and the defendant claimed he was justified in having the water, lights, gas, and telephone service disconnected. This was an issue of fact and there is conflicting evidence in the record. The trial court observed the witnesses and was in a better position than this court to determine the truthfulness of their statements and to judge the evidence there presented.

In this case, after an examination of the record, the court is of the opinion that the judgment of the trial court is amply supported by the evidence, and, therefore, it should be affirmed.

It is so ordered.

The plaintiffs have included in their brief a motion for judgment on the supersedeas bond; and let judgment be rendered accordingly, the same to be prepared by the attorneys for plaintiffs, Mr. C. C. Russell and Mrs. C. C. Russell.

The Supreme Court acknowledges the aid of Attorneys Reuel W. Little, Kenneth Clark, and Geo. E. Rider, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Little and approved by Mr. Clark and Mr. Rider, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.