## ROBERTS v. HOLT et al.

No. 26185. Dec. 17, 1935.

C. F. Green, for plaintiff in error.

Gilbreath & Crawford and James H. Cobb, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Pontotoc county, Okla., denying the motion of plaintiff in error to discharge a receiver.

The record discloses that at the beginning of a suit for money judgments and foreclosure of liens on an oil and gas property, the trial court had appointed a receiver to take charge of said property. One producing well had previously been brought in, so that the duties of the receiver consisted not only of protecting and conserving the property, but also receiving and disbursing the proceeds of oil sales, all, of course, under the direction of the court.

Plaintiff in error, being one of the lien claimants, filed his answer and cross-petition against the principal defendant, praying money judgment, the establishment of his lien, and the right to have his claim paid out

of the sale of oil to the extent of a one-eighth of the seven-eighths working interest in the lease, free of all operative expenses, in accordance with his written contract with the principal defendant; the other lien claimants filed pleadings, and all of the issues having been made up, the cause was tried to the court on the merits, without a jury, on December 28, 1934. At the conclusion of the trial, the court rendered judgment decreeing the amounts due the various lien claimants, and fixing the priority of their liens. In said judgment, the court also continued the receivership in force for the purpose, among other things, of carrying the judgment into effect.

As to plaintiff in error, said judgment recited:

"It is further considered, ordered and adjudged by the court that John H. Roberts have and recover of and from Los Angeles Petroleum Co., Inc., the sum of $5,000 and that he has a superior right and claim to the proceeds of one-eighth of the seven-eighths of the oil runs from the well upon said premises until such time as he shall have received therefrom the total sum of $5,000, and the receiver herein is hereby ordered and directed to pay to said John H. Roberts the proceeds of one-eighth of seven-eighths of all of the oil runs received from said well and coming into possession of the receiver after this date, less the proportionate or pro rata part of the proceeds of said oil runs as is expended under the order of this court in maintaining and reconditioning said oil well and for expenses of the receivership proceedings herein, until such time as the said John H. Roberts shall have received said total sum of $5,000."

Said judgment further recited that:

"Until further order of this court, the entire property remain in the hands of and be administered by the receiver herein, who is hereby ordered and directed to receive and collect all of the oil runs from the oil produced from the well, * * * the same to be distributed, paid, and applied as herein provided."

Thus, it will be seen that instead of granting plaintiff in error his claim **free from expenses**, as his contract with the principal defendant provided, the trial court found that as the proceeds of the oil well came in, the expenses of operations and receivership should be paid, which would have the practical effect of prolonging the time in which plaintiff in error would receive his claim in full, but not in anywise depleting the claim itself.

As stated above, this judgment was rendered in December 28, 1934. Plaintiff in error

took no exception to said judgment and filed no motion for new trial. The judgment then so far as this record shows became and is final. On January 4, 1935, the receiver resigned and the court appointed a successor. this order also reciting "that by agreement of all parties in open court," certain repairs on the well were to be made by said receiver.

The portion of the judgment of December 28, 1934, providing that plaintiff in error bear his pro rata part of operating and receivership expenses, appears to be objectionable to plaintiff in error. On January 1, 1935, four days after this judgment was rendered, he attacked said judgment as to this objectionable feature by this motion to discharge the receiver, as to his claim. In his motion he again set up his contract with the principal defendant, in which he was to be "carried free," and also pleaded that no notice had been given of the appointment or continuation of said receivership. When this motion came on for hearing, objection was made by defendants in error to the introduction of any evidence thereon for the reason that the matter had already been adjudicated. The trial court, however, overruled the objection, and the hearing, so far as the evidence was concerned, resolved itself into pro and con testimony as to whether plaintiff in error or counsel was present in court on December 28, 1934, or January 4, 1935, when various matters concerning continuation of the receivership and expenditures under said receivership had been discussed. At the conclusion of the hearing, the trial court denied the motion to discharge the receiver, as to the interest of plaintiff in error; hence, this appeal.

In our opinion, the action of the trial judge in denying this motion was correct and should be affirmed. Appreciating fully that receivership matters should at all times be cautiously handled by our courts because of the fact that abuse of discretion may work great hardship, yet, in this case, we are unable to find absence of caution, abuse of discretion or resulting detriment to plaintiff in error. The court had jurisdiction of the parties and the subject-matter. Our statute, section 773, O. S. 1931, gave the court ample power to appoint a receiver for the property at the beginning of the suit to prevent loss or injury and to continue the receivership after judgment for the same purposes and to carry said judgment into effect.

Not only was the judgment granted plaintiff in error to be paid from the oil runs, but the record shows that others of the judgment creditors were to be paid in like manner.

Hence the property must be operated and kept in safe and proper condition. Someone, then, must be in charge; otherwise, even plaintiff in error risked losing his claim. If, considering these facts, the trial court deemed it proper that, as the oil runs came in, a portion thereof should be properly expended, even though it reduced the installments of plaintiff in error and prolonged the time in which his claim would be paid in full, there could be no abuse of discretion in so holding, for the result would be beneficial to plaintiff in error and not detrimental, except that it would require a longer period of time for him to receive his claim in full.

Whether counsel for plaintiff in error or plaintiff in error himself were present in court or absent when these matters were being discussed and decided, avails plaintiff in error nothing. He was an interested party. No notice of the various steps taken in the suit was required to be given him. It was his duty to be present and if judgment on the merits on December 28, 1934, or the action of the trial judge on January 4, 1935, accepting the resignation of the first receiver and appointing a successor, were not satisfactory to plaintiff in error, the law required him to be present, make his protest, take his exceptions, and preserve his record for appeal. None of these things were done. The judgment on the merits contained the matter objectionable to plaintiff in error, but he allowed it to become final and it is not now subject to attack in the manner disclosed by this record:

"A regular judgment of a court of competent jurisdiction, while it remains in force, is conclusive not only as to matters which were litigated, but as to every ground of recovery or defense which might have been presented or determined therein." Scrivner v. McClelland, 75 Okla. 239, 182 P. 503; Alfrey v. Colbert, 44 Okla. 246, 144 P. 179; Kingfisher Impr. Co. v. Talley, 51 Okla. 226, 151 P. 873

This record discloses that on three separate occasions the trial court had considered the necessity and propriety of a receivership in this cause. The first was at the institution of suit; the second at the rendition of judgment on merits; and the third on this motion to discharge the receiver. In addition to this, the order of January 4, 1935, appointing the successor to the receiver and authorizing him to make certain repairs, recites that the court authorized these expenditures by "agreement of all parties made in open court." Consequently, if it were material as to whether or not plaintiff in error or counsel were present in the court when

these various steps were taken, and if the judgment on the merits or the order of January 4, 1935, could be impeached by parol testimony, by denying presence in court and consent to the action of the court, the evidence concerning these matters being somewhat in conflict, the trial court had ample evidence before him even on this motion to support a finding not only that the receivership herein should be continued in force, but also that plaintiff in error or counsel was present when these various matters were considered and consented thereto.

In a law action tried to the court without a jury, the court's findings on questions of fact will be treated as the verdict of a jury and will not be disturbed if there is competent evidence reasonably tending to support the same. Citizens State Bank v. Hartsell, 149 Okla. 117, 299 P. 455; Gates Oil Co. v. Prairie Oil & Gas Co. et al, 159 Okla. 288, 15 P. (2d) 56.

Finding no error prejudicial to plaintiff in error, we recommend that the order of the trial court denying the motion of plaintiff in error to discharge the receiver be affirmed, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys F. V. Westhafer, H. A. Tallman, and A. K. Swann in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Westhafer and approved by Mr. Tallman and Mr. Swann, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.