## SCHOTT v. GLEN-DIAL, Inc.

No. 29571.   Oct. 1, 1940.

Rehearing Denied Nov. 26, 1940.

*107 P. 2d 803.*

F. C. Swindell, of Tulsa, for plaintiff in error.

W. S. Meyer, of Tulsa, for defendant in error.

PER CURIAM.   On the 24th day of August, 1938, plaintiff, Glen-Dial, Inc., filed a petition in the court of common pleas of Tulsa county against the defendant, Gus Schott, seeking to recover $430, together with interest and attorney fees, on a promissory note and $70.39 on an open account.

It is alleged that the note was executed by the defendant April 17, 1935, made payable to the plaintiff and endorsed to the Interstate Securities Company, and on default of defendant was paid by the plaintiff; that plaintiff is now the owner and holder of said note. Defendant filed an answer and cross-petition in which it is alleged that in the month of September, 1933, defendant purchased from the plaintiff a 1933 Dodge automobile for the agreed price of $1,275 and traded in a 1931 Dodge automobile for $750 and executed a note for $1,386.80, representing carrying charges and an open account; that thereafter the defendant paid $586.88 thereon to the assignee and purchaser of said note, the Interstate Securities Company, leaving a balance due of $800.88; that thereafter defendant executed his promissory note to the Interstate Securities Company for $1,080, the same being an overcharge of $280 for interest in violation of the usury laws of this state; that thereafter the defendant paid $325 thereon; that thereafter, on the 21st day of March, 1936, the Interstate Securities Company repossessed the said automobile and turned it to the plaintiff and the said automobile was illegally sold for $537.78 by the plaintiff; that plaintiff has received from the defendant $2,199.65; that defendant's total obligation was $1,737 less the trade-in value of $750, leaving a balance due of $984; that by reason of wrongful acts of plaintiff, defendant has been illegally deprived of $460.65, for which he prayed judgment.

A reply specifically denied the allegations of the answer and cross-petition, and further alleged that in cause No. 22103, the averments and issues contained in the answer and cross-petition were finally adjudicated by judgment. To this reply the plaintiff attached the pleadings in the former action, which disclosed that the same issues raised by the answer and cross-petition had been formerly adjudicated. In rendering the judgment on the pleadings on the first cause of action the court found that the

allegations of the answer and cross-petition above set out had been formerly adjudicated in cause No. 22103, in which a judgment for the plaintiff was entered on the cross-petition involving this cause of action.

The case was tried on May 24, 1939, a jury being waived, whereupon at the conclusion of all of the testimony judgment was rendered for the plaintiff for the amount of the note with interest and attorney fees and the $70.39 on the open account.

Defendant seeks to reverse the judgment and has filed a brief presenting two specifications of error, to wit: (1) The trial court erred in sustaining plaintiff's motion for judgment on the pleadings on plaintiff's first cause of action; (2) the trial court erred in overruling the defendant's demurrer to plaintiff's evidence on its second cause of action.

In his first proposition defendant argues that the court could not enter judgment for the plaintiff on the pleadings on the first cause of action because the ownership of the note was in dispute. We cannot agree with this contention. Defendant relied upon the allegation of his cross-petition and sought to present the issue of illegality of the obligation and nowhere disputed the allegation of the execution of the note upon which there was an alleged balance of $430 other than to seek recovery on the cross-petition based upon the alleged illegality. In rendering the judgment the court held that all the issues attempted to be raised by the answer and cross-petition relating to the defense to the original note had been disposed of in the former proceedings and the defendant never raised any other issues, but admitted that the note upon which there was an unpaid balance of $430 had been executed by the defendant, had not been paid by the defendant, but had been paid by the plaintiff. He did not offer to make any proof to substantiate any theory that plaintiff was not the owner and holder of the note sued on, and at the end of the trial was content to rest without offering any testimony to substantiate a defense to either cause of action. In an action upon a promissory note by the payee against the maker thereof, an unverified answer admitting the execution and delivery of the note but alleging that the payee is not the owner and holder thereof states no defense and the payee is entitled to judgment on the pleadings for the amount due on said note. Burling v. Stinnett, 46 Okla. 159, 148 P. 140; Street v. Missouri-Interstate Paper Co., 116 Okla. 81, 243 P. 171. It is to be noted herein that the plaintiff alleges that he is the owner and holder of said note.

There is no doubt that the defendant had the right to raise and present the issue either of the execution or the ownership of the note sued upon. It is the general rule that in a suit on a promissory note it is not necessary for the plaintiff, who is the payee of the note, to allege that he is the owner and holder thereof. Dysert v. Weaver (Cal.) 189 P. 492; Berry v. Barton, 12 Okla. 221, 71 P. 1074; Burling v. Stinnett, supra; Albergo v. Gigliotti (Utah) 85 P. 2d 107. As pointed out in Berry v. Barton, supra, the allegation must be raised as an affirmative defense, which must state clearly and specifically to the court the basis of the claim that the plaintiff is not the owner and holder. The authorities holding that an answer such as filed by the defendant does not raise any issue are thoroughly discussed and reviewed in Berry v. Barton, supra, and further analysis would be needless repetition. Under the circumstances of the case at bar we are of the opinion, and hold, that the answer, after the court had eliminated the cross-petition by holding that the matters therein were formerly adjudicated, did not raise an issue. We find no error in entering judgment upon the pleadings for the amount of the note.

As to the argument that the court erred in overruling the demurrer to the evidence of the plaintiff on the open account, we are convinced that there is sufficient evidence to support the finding of the trial court thereon. There is no evidence that this account was included in the original note or in the note for

which judgment was given. The plaintiff introduced his account, identified it as being due and unpaid in the sum of $70.39. There was no contest on this issue, and the defendant did not dispute the accuracy or correctness thereof and offered no evidence to show payments or other satisfaction of the account. We hold that the finding and judgment of the trial court as to the open account was supported by competent evidence. Citizens State Bank v. Hartsell, 149 Okla. 117, 299 P. 455.

The judgment of the trial court is affirmed.

RILEY, OSBORN, GIBSON, HURST, and DAVISON, JJ., concur.